## KOURGENTAKIS v. INDUSTRIAL COMMISSION OF UTAH et al.

No. 4385.   Decided May 11, 1926.   (246 P. 705)

MASTER AND SERVANT—FINDING OF INDUSTRIAL COMMISSION THAT NONRESIDENT ALIEN COMPENSATION CLAIMANT WAS NOT DEPENDENT HELD CONCLUSIVE. Finding of Industrial Commission that deceased employee's alien mother living in Greece was not dependent, based on evidence consisting merely of her deposition without corroboration, *held* conclusive on Supreme Court and not arbitrary or capricious.[1]

Application by Katherine Kourgentakis to review an order of the Industrial Commission denying compensation for the death of her son John Kourgentakis while employed by the Utah Fuel Company.

AFFIRMED.

*N. J. Cotro-Manes* and *C. E. Norton,* both of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendant Industrial Commission.

*Ferdinand Erickson,* of Salt Lake City, for defendant Fuel Co.

---

[1] *Kavalinakis* v. *Ind. Comm.* (Utah) 246 P. 698.
Corpus Juris-Cyc. References:
[1]   Workmen's Compensation Acts C. J. p. 122 n. 40.

GIDEON, C. J.

Proceedings to review an award of the Industrial Commission.

The applicant here is a nonresident alien. She is the mother of John Kourgentakis, now deceased. It is stipulated that the deceased was, on the 8th day of March, 1924, an employee of the defendant Utah Fuel Company; that he was killed at that time by an accident in the course of his employment; that the employer, Utah Fuel Company is subject to the State Industrial Act (Comp. Laws 1917, §§ 3061-3165) and is a self-insurer. It is also stipulated that the deceased was in receipt of sufficient wages at the time of his death to entitle his dependents, if any, to the maximum weekly compensation.

The application was made by the mother of deceased, a resident of Greece. The commission, as its third finding of fact, found:

"That the applicant (the mother) in depositions testified that her son sent her money through certain Greek friends who journeyed from America to Greece; that this is not corroborated by any other evidence; that no letters, receipts, or other documentary evidence was presented to show that the decedent herein named contributed to the support of the applicant."

The commission concluded therefrom that the claim of the mother for compensation should be denied and made its order accordingly.

The facts and the record bring this case within the rule announced in *Kavalinakis* v. *Ind. Comm. et al.*, 246 P. 698, decided at the present term of this court and not yet [officially] reported.

Upon authority thereof, the order of the commission is affirmed.

THURMAN, FRICK, CHERRY, and STRAUP, JJ., concur.